IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Shundra Gaines )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Gateway One Lending & Finance, LLC )<br>)<br>    Defendant. ) | Civil Action No.:<br>1:15-cv-571 |

## COMPLAINT

COMES NOW the Plaintiff, by and through her attorney of record and allege the following Complaint against the Defendant:

### PARTIES

1. Plaintiff is a resident citizen of Alabama and at all times relevant to this proceeding, has been over nineteen years of age.

2. Plaintiff is a "consumer" and an "applicant" as defined by the Equal Credit Opportunity Act.

3. Defendant is a Delaware LLC whose principal place of business is 3818 E Coronado St, Anaheim, CA 92807.

4. Defendant is engaged in the business of providing automobile sales financing, and regularly reviews credit applications and issues credit to consumers in Alabama and elsewhere.

### FACTS

5. This is an Equal Credit Opportunity Act case arising out of the Plaintiff's attempt to purchase a vehicle from Drive Luxury, LLC (the "Dealer"), a used car dealer.

6. This case began on April 3, 2014, when the Plaintiff went shopping for a vehicle at Drive Luxury's car lot on Airport Boulevard in West Mobile.

7. One of the agents there took Plaintiff's personal information and used it to retrieve a credit report.

8. On April 3, 2014 the Plaintiff, through the agents of the car dealership, sent a credit application to the Defendant.

9. Defendant received Plaintiff's credit application.

10. Defendant did not immediately approve or reject Plaintiff's application.

11. Plaintiff was led to believe that she had been approved.

12. Unaware that her credit application had not been approved, Plaintiff signed a contract with the dealer for the purchase of a car – a 2010 Toyota Camry.

13. Plaintiff gave the dealer her own paid for vehicle – a 2006 Hyundai – as a trade-in, and transferred title to the dealer's name.

14. Plaintiff drove away in the Camry, convinced that the deal was complete.

15. But Defendant actually denied the Plaintiff's application for credit.

16. Plaintiff was never notified of any decision on her credit application, however.

17. Plaintiff never received a written notice of adverse action from the Defendant.

18. Plaintiff never received any written statement of reasons why her credit application had been denied.

19. The Camry was later repossessed by the dealer, and the Plaintiff lost both the Camry and the Hyundai she traded in.

## COUNT ONE: EQUAL CREDIT OPPORTUNITY ACT

20. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19 above.

21. Defendant is a "creditor" as defined by 15 U.S.C. §1691a(e), because Defendant regularly extends credit, arranges for credit, and/or participates in decisions to extend credit.

22. 15 U.S.C. §1691(d)(1) requires that within 30 days of receipt of any application for

credit, a creditor shall notify the applicant of its action on the application.

23. 15 U.S.C. §1691(d)(2) states "Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor."

24. "Adverse Action" includes a denial of credit and "a refusal to grant credit...on substantially the terms requested."

25. Plaintiff was denied credit in response to an application submitted to Defendant on or about April 3, 2014.

26. "A notification given to an applicant when adverse action is taken shall be in writing..." 12 CFR 1002.9(a)(2).

27. No written adverse action notice was provided to the Plaintiff within 30 days of April 3, 2014.

28. The Equal Credit Opportunity Act "contain[s] broad anti-discrimination provisions that 'make it unlawful for any creditor to discriminate against any applicant with respect to any credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age.'" *Capitol Indem. Corp. v. Aulakh*, 313 F.3d 200, 202 (4th Cir. 2002) (quoting 15 U.S.C. § 1691(a)(1)).

29. An indispensable element of the protections provided by ECOA were the procedural requirements that creditors provide applicants with written statements describing and explaining any adverse actions taken.

30. "The availability of credit may have a profound impact on any individual's ability to exercise the substantive civil rights guaranteed by the Constitution."[1]

31. The Defendant have chosen to ignore its duties under ECOA, and as a result, have damaged the Plaintiff and deprived her of important civil rights.

32. In this case, the Plaintiff has been particularly damaged by the Defendant's failure to comply with ECOA, because had she been timely notified of the truth regarding her application, she would have been alerted to the fraudulent nature of the car sale and would have been able to take action to prevent the devastating loss that occurred.

---

1  Comment, *Equal Credit for All – An analysis of the 1976 Amendments to the Equal Credit Opportunity Act,* 22 St. Louis U.L.J. 326 (1978).

33. Plaintiff also was deprived of valuable information relating to her apparent creditworthiness and of the opportunity to shop around.

34. Defendant is a subprime auto lender, and knows full well that the dealers with whom it arranges financing operate with reckless disregard for the law and that their customers regularly get mistreated by such dealers.

35. Defendant was complicit in the sketchy business practices at play in this case, and thereby allowed the Plaintiffs to proceed ignorant of their rights, until it was too late for them to prevent the damage.

36. 15 U.S.C. §1691e(a) provides that "any creditor who fails to comply with any requirement imposed [by ECOA] shall be liable to the aggrieved applicant for any actual damages sustained."

37. 15 U.S.C. §1691e(b) provides that "**Any creditor**...who fails to comply with **any requirement** imposed under this subchapter **shall be liable** to the aggrieved applicant **for punitive damages** in an amount not greater than $10,000, in addition to any actual damages..."

38. Defendant has failed to comply with the notice requirements of 15 U.S.C. §1691(d)(1) and (2).

39. Upon information and belief, Defendant routinely fails to provide timely written notices of adverse action to credit applicants like the Plaintiff.

40. Upon information and belief, Defendant lacks a reasonable procedure to ensure that consumer credit applicants receive proper and timely responses to their credit applications.

41. As the Plaintiff's experience indicates, credit applicants can be severely harmed by a creditor's failure to follow the law's requirements of timely and accurate notifications of credit decisions.

42. It is incumbent upon the Court to award punitive damages in an amount appropriate to deter similar misconduct in the future.

43. This Court has jurisdiction under 15 U.S.C. §1691e(c) to order equitable and declaratory relief as well as award actual damages for Defendants' violations of ECOA.

44. 15 U.S.C. §1691e(d) provides that where a defendant is found liable for any

    violation of ECOA, "the costs of the action, together with a reasonable attorney's fee as determined by the court, **shall be added** to any damages awarded..."

45. Defendant is liable to the Plaintiff for actual damages, punitive damages of $10,000, plus costs and attorneys' fees for its violations of ECOA.

## COUNT TWO: NEGLIGENCE

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 above.

47. Defendant had a legal duty to evaluate and respond to credit applications in a timely manner.

48. Defendant breached that duty with respect to the Plaintiff by failing to send her any written notice of decision on her credit application.

49. Defendant breached that duty with respect to the Plaintiff by failing to send her any written notice of adverse action on her credit application.

50. Defendant knows the subprime automobile sales business well, and knew that the damages which Plaintiff suffered were the sort that ordinarily result from failures to provide applicants with information relating to their credit applications.

51. Plaintiff suffered damages as a result of Defendant's negligence.

52. Defendant is liable to the Plaintiff for all damages suffered as a result of its negligence.

WHEREFORE, PREMISES CONSIDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendant for the following:

    A. Declaratory judgment that Defendant has violated the Equal Credit Opportunity Act;

    B. Actual damages, punitive damages of $10,000, costs, and attorneys' fees for the Defendant's violations of the Equal Credit Opportunity Act;

    C. Injunctive relief against future violations of ECOA;

    D. Damages arising from Defendant's negligence;

E. For such other, further, and general relief as Your Honor deems just and proper.

RESPECTFULLY SUBMITTED this the 10th Day of November, 2014.

/s/ Judson E. Crump
Judson E. Crump [CRU021]

Judson E. Crump, P.C.
250 Congress Street
Mobile, Alabama 36603
judson@judsonecrump.com
251.272.9148